IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NICOLE M.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 20 C 1613 |
| v. | ) |
| | ) Magistrate Judge |
| KILOLO KIJAKAZI, Acting | ) Maria Valdez |
| Commissioner of Social Security,[2] | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Nicole M.'s claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 24] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

# BACKGROUND

## I. PROCEDURAL HISTORY

On May 23, 2017, Plaintiff filed claims for DIB and SSI, alleging disability since July 28, 2016. The claims were denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"), which was held on November 29, 2018. Plaintiff personally appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also appeared at the hearing.

On February 25, 2019, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 28, 2016. At step two, the ALJ concluded that Plaintiff had the following severe impairments: sciatica; obesity; fibromyalgia; bilateral pes planovalgus; and right peroneal

tendonitis. The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal a listed impairment.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform less than the full range of sedentary work with the following additional limitations: can sit continuously for 30 minutes and stand and/or walk continuously for 15 minutes; can occasionally climb ramps, stairs, ladders, and scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can occasionally work in high exposed places; should avoid concentrated exposure to extreme cold, head, and vibrations; can work in a moderate noise intensity environment; and should avoid working with hazardous machines with moving mechanical parts and work with sharp objects. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a collection clerk, as that job does not require the performance of work-related activities precluded by Plaintiff's RFC.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff

3

presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even

in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful

5

appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) substantial evidence does not support the ALJ's evaluation of the opinion of Plaintiff's treating physician; (2) the ALJ did not build an accurate and logical bridge from the evidence to her physical RFC assessment; and (3) the ALJ made multiple errors with respect to her evaluation of Plaintiff's symptoms.

In advancing her second argument, Plaintiff contends, *inter alia*, that the ALJ failed to adequately assess her expressed need to lie down to alleviate pain. With respect to medical evidence pertinent to that topic, a November 5, 2015 initial exam report by Dr. Pratiksha Trivedi noted that Plaintiff's left and right sacroiliac joint pain was relieved by Plaintiff "lying down." (R. 327-28.) Progress notes by Dr.

Athena Kostidis from September 6, 2017 also indicate that Plaintiff treated her migraines by "lying down and sleeping." (*Id.* at 587.) Further, Plaintiff testified at the hearing that she was "constantly laying down when [she is] at home to find a position that's comfortable because of the hip pain, and back, and everything else." (*Id.* at 38.)

In her decision, the ALJ noted Plaintiff's testimony that "she is always in pain" and "constantly lays down." (*Id.* at 17.) However, as Plaintiff points out, the ALJ simply did not address the latter allegation in any manner. In failing to address the topic of Plaintiff's reported need to lie down, the ALJ erred. *See Eula M. v. Berryhill*, No. 17 C 6669, 2019 U.S. Dist. LEXIS 84685, at *23 (N.D. Ill. May 20, 2019) ("Plaintiff testified that her migraine pain required her to lie down for three hours after it started. . . . Like plaintiff's sleepiness, the ALJ did not take notice of those statements. The ALJ was required to explain either (1) why plaintiff's testimony could not be accepted or (2) why she could work on a full-time basis despite her alleged need to lie down for three hours when she experienced migraines."); *Tracie B. v. Berryhill*, No. 17-CV-7276, 2019 U.S. Dist. LEXIS 43492, at *7-8 (N.D. Ill. Mar. 18, 2019) ("If a claimant alleges a functional limitation that requires he or she lie down for two hours to alleviate pain, the ALJ must address whether the alleged limitation should be incorporated into the RFC as functional restrictions. . . . [T]he only discussion the ALJ gave to Claimant's alleged need to lie down is that 'laying down daily for 2-3 hours [is] not supported by the medical records.' This statement on its own is an insufficient explanation . . . . Therefore, the

case must be remanded for further analysis into Claimant's alleged need to lie down for 2-3 hours to alleviate pain.") (citations omitted).

The closest the ALJ came to addressing Plaintiff's reported need to lie down was in her assessment of an October 2017 treating source statement from Plaintiff's treating physician, Dr. Jessica McIntyre. The ALJ found the opinion "not persuasive" and stated that "there is nothing to indicate that the claimant must lay down for around twenty-two hours in a day." (R. 19.) There are a couple of problems with the ALJ's assessment in that regard. First, Dr. McIntyre *never actually opined* that Plaintiff had to lie down for 22 hours in a day, and Defendant concedes as much. (Def.'s Memo at 5 ("Plaintiff correctly argues that the ALJ mistakenly found that Dr. McIntyre opined that plaintiff needed to lie down 22 hours a day.").) Second, the ALJ's necessarily erroneous evaluation of a statement Dr. McIntyre never actually made is not an assessment of *Plaintiff's own allegations* that she needs to lie down to alleviate pain. *See Warren v. Colvin*, No. 12 C 3298, 2013 U.S. Dist. LEXIS 39720, at *22-23 (N.D. Ill. Mar. 22, 2013) ("The ALJ's credibility determination is inadequate because it lacks any explanation or support for apparently rejecting Warren's statements about the medication side effect of fatigue and her need to lie down during the day.").

Ultimately, "[a]n ALJ errs when the RFC fails to account for a claimant's allegation that he needs to lie down." *Tincher v. Colvin*, No. 13 C 8410, 2015 U.S. Dist. LEXIS 90961, at *25 (N.D. Ill. July 14, 2015) (citation omitted). That is what happened here. The ALJ acknowledged that she was obligated to "evaluate the

intensity, persistence, and limiting effects of the claimant's symptoms to determine the extent to which they limit the claimant's functional limitations." (R. 16.) The problem is that the ALJ did not do so. That error requires that this matter be remanded. *See Gibson-Jones v. Chater*, No. 96-2626, 1997 U.S. App. LEXIS 7640, at *13 (7th Cir. Apr. 14, 1997) ("We therefore . . . remand the case to the ALJ so that he may identify more specific medical evidence supporting his rejection of [the claimant's] testimony that she needed to lie down daily. The ALJ must more specifically articulate his reasons for believing that [the claimant's] testimony is contradictory and inconsistent. If the ALJ is unable to articulate more specific reasons, he must award [the claimant] the relief she requests because, if she needs to lie down daily, she will be unable to perform even sedentary work with a sit/stand opinion."); *Wesolowski v. Colvin*, No. 15 C 8830, 2016 U.S. Dist. LEXIS 144261, at *11 (N.D. Ill. Oct. 18, 2016) ("The ALJ also failed to explain why he did not include Wesolowski's need to lie down intermittently. On remand, the ALJ should expand the record if necessary in order to properly determine Wesolowsi's RFC.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the opinions of Plaintiff's treating physician are properly weighed, the RFC assessment

9

is supported by the requisite logical bridge, and all of Plaintiff's subjective symptoms are properly evaluated.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to reverse the Commissioner's decision [Doc. No. 21] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 24] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**          **ENTERED:**

*[signature: Maria Valdez]*

**DATE:**    **December 9, 2021**

                                        **HON. MARIA VALDEZ**
                                        **United States Magistrate Judge**